UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIN M. REYNOLDS, *et al.*, *Pro Se*, | ) | Case No. 1: 23 CV 489 |
| | ) | |
| Plaintiffs | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| HONORABLE PATRICIA A. GAUGHAN, | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendant | ) | AND ORDER |

**Background**

Plaintiffs Erin M. Reynolds, David A. Reynolds, III, and Taylin D. Reynolds (collectively, "Plaintiffs") filed this *pro se* action in state court against United States District Judge Patricia Anne Gaughan. (Doc. No. 1-1.) Their Complaint relates to a *pro se* case Erin Reynolds previously filed in federal court against multiple defendants over which Judge Gaughan presided. *See Reynolds v. Dominic J. Coletta, et al.*, No. 1: 22 CV 1642, 2022 WL 17487820 (N.D. Ohio Dec. 7, 2022).

Plaintiffs seek damages against Judge Gaughan, contending she breached a "settlement agreement" in Reynolds's prior case by "favoring the tortfeasors" and entering a December 7, 2022 Judgment Entry and Memorandum of Opinion and Order granting the defendants' motion to dismiss. (*See* Doc. No. 1-1 at 14.)

The United States filed a Notice of Substitution in this case on April 3, 2023, substituting

itself as the Defendant pursuant to 28 U.S.C. § 2679(d).[1] On May 16, 2023, the Government filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. Rule Civ P. 12(b)(1) and (6) on the grounds of judicial immunity and failure to state a claim upon which relief may be granted under the Federal Tort Claims Act ("FTCA"). (Doc. No. 6.) Plaintiffs filed pleadings in response labeled as a "Notice of Wrongful Administration and Offer to Contract" (Doc. No. 7) and a "Notice of Breach and Opportunity to Cure (Doc. No. 8). They also filed two Motions to Remand (Doc. Nos. 3 and 5).

Plaintiffs' Motions to Remand are both denied as this action was properly removed to federal court pursuant to 28 U.S.C. § 1442(a)(1), which provides that a civil action commenced in state court that is brought against or directed to the United States or any officer of the United States is properly removed to federal court. And for the reasons stated below, the Government's Motion to Dismiss is granted.

**Standard of Review and Discussion**

A party may move for the dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted." To survive dismissal, a complaint must present enough facts "to state a claim to relief that it is plausible on its face" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). Although *pro se* pleadings generally are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d

---

[1]Title 28 U.S.C. § 2679 provides that a civil action brought against a federal employee acting within the scope of his employment is deemed to be an action against the United States.

380, 383 (6th Cir. 2011), the lenient treatment accorded *pro se* litigants "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Even a *pro se* complaint must satisfy Rule 12(b)(6) standards to avoid dismissal. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Courts are not required to conjure unpleaded facts or construct claims on behalf of *pro se* plaintiffs. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Erwin v. Edwards*, 22 F.App'x 579, 580 (6th Cir. 2001) (citation omitted).

Even liberally construed, Plaintiffs' Complaint fails to state a plausible damages claim against Judge Gaughan upon which they may be granted relief . "It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988), citing *Pierson v. Ray*, 386 U.S. 547, 553 (1967). Absolute judicial immunity shields judicial officers from damages suits arising out of the performance of their judicial functions even when they act erroneously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). There are only two sets of circumstances in which a judicial officer is not entitled to immunity. A judge is not immune from liability for "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or for actions "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

Plaintiffs' action as against Judge Gaughan clearly pertains to alleged conduct occurring during the performance of official judicial functions in a prior lawsuit as to Judge Gaughan is absolutely immune from a damages suit. Plaintiffs do not allege facts plausibly suggesting that Judge Gaughan took any action falling outside of the scope of her absolute judicial immunity.

Further, "[a]bsent a waiver, sovereign immunity shields the [United States] and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("[T]he United States cannot be sued at all without the consent of Congress.").[2] The Federal Tort Claims Act ("FTCA") constitutes a limited waiver of sovereign immunity and authorizes suit against the United States for certain torts committed by federal employees acting within the scope of their employment. *See* 28 U.S.C. § 1346(b)(1); *Schindler v. United States of America*, 661 F.2d 552, 554 n.2 (6th Cir. 1981). But it is a prerequisite to an FTCA lawsuit against the United States in federal court that a claimant must first file an administrative claim. Before filing suit in federal court to recover damages against the United States for injury or property damage caused by a federal employee's negligent or wrongful conduct, § 2675(a) requires the plaintiff to "present[ ] the claim to the appropriate Federal agency," and the agency must have denied the claim "in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

Plaintiffs do not contend or demonstrate that they filed an administrative claim as required to assert a claim for wrongful conduct of a federal employee under the FTCA. Therefore, their action is subject to dismissal for this reason as well. *See Greene v. United States*, No. 21-5398, 2022 WL 13638916, at *4–5 (6th Cir. Sept. 13, 2022) (holding that district court correctly dismissed FTCA claims for failure to comply with § 2675(a)).

---

[2]Suits against federal employees in their official capacity are generally treated as suits against the United States. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985).

**Conclusion**

Accordingly, Defendants' Motion to Dismiss (Doc. No. 6) is granted and Plaintiffs' Complaint is dismissed.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

							_____
							SOLOMON OLIVER, JR.
							UNITED STATES DISTRICT COURT JUDGE

July 12, 2023